UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES H. JULIAN, | § | |
| | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-cv-2973 |
| | § | |
| CITY OF HOUSTON, | § | |
| | § | |
|    *Defendant*. | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff Charles H. Julian's Motion for Sanctions (Doc. No. 21) and Defendant City of Houston's ("the City") Opposed Motion to Strike Plaintiff's Motion for Sanctions for Failure to Comply with Local Rule 7.1 (Doc. No. 23). Mr. Julian seeks sanctions under Federal Rule of Civil Procedure 37 for an allegedly long record of discovery abuses by the City. Mr. Julian first requests that the Court strike all of the City's pleadings. In the alternative, Mr. Julian requests that the Court bar the City from supporting its defenses or attacking Mr. Julian's claims, and, in the further alternative, that the Court issue an order establishing all of Mr. Julian's claims for the purposes of this lawsuit. *See* Fed. R. Civ. P. 37(b)(2)(A)(i), (ii), and (iii). Mr. Julian also seeks attorney's fees and costs under Rule 37(b)(2)(C).

Rule 37 "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order," and "grants a district court considerable, but not unlimited, discretion in fashioning appropriate penalties for those who disobey such an order." *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (citing *Chilcutt v. United States*, 4 F.3d 1313, 1320 (5th Cir. 1993)); *see Compaq Computer Corp. v. Ergonome Inc.*, 387

1

F.3d 403, 413 (5th Cir. 2004) ("First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery.") (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S. Ct. 2099, 2107, 72 L. Ed. 2d 492 (1982) (internal quotation marks omitted)). The Fifth Circuit has cautioned that "sanctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances." *E.E.O.C. v. General Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993). Indeed, "[t]he imposition of a sanction without a prior warning is to be avoided." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

The Fifth Circuit has explained that courts should consider the following factors in determining whether to impose sanctions for discovery violations: "(1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of the trial; and (4) any other relevant circumstances." *Bennett v. GEO Grp., Inc.*, No. 12-60017, 2013 WL 5916765, at *4 (5th Cir. May 22, 2013) (quoting *United States v. Garza*, 448 F.3d 294, 299-300 (5th Cir. 2006)). While a wide range of options is available to courts, sanctions less than the most serious – striking pleadings, dismissal, or default – do not require a finding of willfulness. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (citing *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990)); *Chilcutt*, 4 F.3d at 1322 n.23.

The most severe of Rule 37's remedial options is dismissal with prejudice (or default), and the Fifth Circuit has required that several criteria be met before imposing that "draconian remedy." *See Conner*, 20 F.3d at 1380-81 (quoting *Batson v. Neal Spelce*

*Associates*, 765 F.2d 511, 515 (5th Cir. 1985)). Those criteria, known as the "*Conner* factors," are: (1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation of the discovery order must be attributable to the client instead of the attorney, (3) the violating party's misconduct must substantially prejudice the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect." *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 316 (5th Cir. 2013) (internal quotation marks omitted).

The Court does not believe that sanctions are warranted at this time, and certainly not the extreme sanctions sought by Mr. Julian. The Court agrees with the City that Mr. Julian seeks sanctions which would effectively result in a default judgment. In evaluating his request for those sanctions, the Court finds that Mr. Julian has satisfied none of the *Conner* factors. While there have been significant delays on the City's part in responding to discovery, and the City's responses were sometimes confusing and incomplete, the Court is satisfied that these failures were not willful attempts to avoid, delay, or otherwise interfere with discovery. Indeed, some of the delays and confusion appear attributable to lead counsel for the City Timothy Higley's acute and unexpected medical issues and his medical leave, which began in late November 2013. *See* Doc. Nos. 27, 29. In addition, Mr. Julian has not shown that the alleged violations are properly attributable to the City rather than to its counsel.

The City now represents that it has provided all outstanding supplemental discovery responses. Doc. No. 29. Moreover, the City has assured the Court that it "will cooperate in every way to ensure timely responses to any additional discovery sought by

3

Plaintiff, including any additional requests made in response to the supplemented answers and responses, any requests for additional depositions and the scheduling of the two depositions already requested." *Id.* at 2. The Court is therefore satisfied that any prejudice to Mr. Julian has been, or will be, cured. This is especially true because trial has been continued for several months. For the same reasons, the Court is satisfied that neither attorney's fees nor lesser sanctions are appropriate at this time either. Accordingly, Mr. Julian's motion is **DENIED**, and the City's motion is **DENIED AS MOOT**. Should discovery problems persist, however, Mr. Julian is free to seek sanctions again.

Trial in this case is set to begin on August 4, 2014. *See* Doc. No. 31. Dispositive and non-dispositive motions (including *Daubert* motions) are due June 16, 2014. Responses are due June 26, 2014, and any replies are due July 1, 2014. The Joint Pretrial Order and all motions *in limine* will be due on July 28, 2014.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the eighth day of April, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

4