UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES H. JULIAN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-cv-2973 |
| | § | |
| CITY OF HOUSTON, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

Pending before the Court in this employment discrimination suit is Plaintiff Charles H. Julian's Second Motion for Sanctions. (Doc. No. 41.)[1] By this motion, Mr. Julian seeks attorneys' fees as a sanction under Federal Rule of Civil Procedure 37 for alleged discovery abuses by Defendant City of Houston ("the City"). Since the Court finds that it would be unjust to require the City to pay attorneys' fees, Mr. Julian's motion must be **DENIED**.

### I.    LEGAL STANDARDS

Federal Rule of Civil Procedure 37 "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order," and "grants a district court considerable, but not unlimited, discretion in fashioning appropriate penalties for those who disobey such an order." *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (citing *Chilcutt v. United States*, 4 F.3d 1313, 1320 (5th Cir. 1993)); *see Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004) ("First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery.") (quoting

---

[1] All docket references are to Civil Action No. 4:12-CV-2973. The litigation history, as well as disputed questions of fact and law in this case, are the subject of prior rulings from the Court. They will not be repeated here.

1

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982) (internal quotation marks omitted)). The Fifth Circuit has cautioned that "sanctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances." *E.E.O.C. v. General Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993). "The imposition of a sanction without a prior warning is to be avoided." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

The Fifth Circuit has explained that courts should consider the following factors in determining whether to impose sanctions for discovery violations: "(1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of the trial; and (4) any other relevant circumstances." *Bennett v. GEO Grp., Inc.*, No. 12-60017, 2013 WL 5916765, at *4 (5th Cir. May 22, 2013) (quoting *United States v. Garza*, 448 F.3d 294, 299-300 (5th Cir. 2006)).

## II.   DISCUSSION

As this Court granted the City's Motion for Summary Judgment, the only remaining sanctions issue is Mr. Julian's request for $5,000.00 in attorneys' fees.

Mr. Julian contends that Emergency Services Consulting International ("ESCI"), the executive search firm hired by the City to conduct the City's 2010 search for a new Fire Chief, produced several documents in the course of that selection process, all of which it gave to the City. According to Mr. Julian, those documents include interview notes, score sheets and assessment notes for each applicant, relevant correspondence, the numerical assessments of each applicant according to each of the criteria in the initial evaluation, and documents explaining the initial, semifinalist, and finalist rankings. (*See* Doc. No. 41-1 at 120:3-12, 120:23-122:13.) Though these materials were all turned over to the City, the City disclosed to Mr. Julian in

discovery the overall scores and rankings only; nothing was produced showing how the ESCI team arrived at those scores and rankings. Mr. Julian argues that the City had a legal duty to preserve these records. *See, e.g.*, 42 U.S.C. § 2000e-8(c) (requiring employers, employment agencies, and labor organizations to make, keep, and preserve "records relevant to the determinations of whether unlawful employment practices have been or are being committed."). He further claims that he has been prejudiced by the City's failure to disclose these materials.

Mr. Julian also argues that the City belatedly produced an August 2010 job posting for the Fire Chief position. Mr. Julian believes that this posting demonstrates that Terry Garrison, who was ultimately selected as Fire Chief, did not timely apply for the position. He contends that this document was produced two weeks before trial, and "more than a year after [it was] originally due." (Doc. No. at 2.) Mr. Julian believes that he has been prejudiced by the City's delayed disclosure. Consequently, Mr. Julian seeks $5,000 in attorneys' fees and costs under Rule 37(b)(2)(C) for the drafting of this motion for sanctions, as well as that of past motions, and for attending hearings on discovery matters.

The City claims that it has produced in discovery in this action all materials that were produced to the Equal Employment Opportunity Commission ("EEOC") in response to Mr. Julian's February 1, 2011 discrimination complaint, and all documents known to the City, and in its possession, that are related to ESCI. It claims that it conducted yet another search for responsive materials following Mr. Julian's filing of his Second Motion for Sanctions, and did not uncover any documents that had not already been produced. It submits an affidavit describing that search and its results from Nancy Yue, a Division Manager in the City's Human Resources Department. (Doc. No. 42-3.) "Quite simply," the City states, "the items the Plaintiff seeks have not been located through various attempts throughout this litigation, and, in fact, no

3

one can assert that they exist at all." (Doc. No. 42 at 4.) The City also argues that Mr. Julian failed to identify a discovery request that would have required production of the August 2010 job posting. Accordingly, the City argues that there is no evidence that it willfully avoided, impeded, or otherwise kept from discovery any responsive materials, or that Mr. Julian has been prejudiced, rendering the sanctions sought by Mr. Julian entirely inappropriate.

Although the Court queries why the August 2010 job posting did not surface during Ms. Yue's July 2014 records sweep, the Court is unconvinced that attorneys' fees are a just penalty for these discovery disputes. The prejudice to Mr. Julian from the belated disclosure of the August 2010 posting is minimal. Mr. Julian argues that the August 2010 job posting supports his argument that "Chief Garrison did not apply for the Fire Chief Position until after he was selected for it on August 16, 2014." (Doc. No. 60 at 2.) But as the Court noted in its order on summary judgment,

> "While this evidence may serve to raise a fact question as to whether the rules were bent regarding Mr. Garrison's application, the Court is not persuaded that it is sufficient to demonstrate pretext because it does not serve to cast any doubt on the legitimate, nondiscriminatory reason the City has proffered for its decision: that Mr. Garrison was better qualified for the Fire Chief position than Mr. Julian."

(Doc. No. 48 at 29.) Since the August 2010 job posting offers little support for Mr. Julian's argument for pretext, the City's failure to timely disclose caused negligible prejudice. The City's disorganized response to Mr. Julian's discovery requests is lamentable, but it is not sufficiently prejudicial to warrant sanctions.

Further, there is no evidence to indicate that the City's failure to produce the ESCI materials prejudiced Mr. Julian. While the Court is persuaded by Jerry Freshour's testimony that the City very likely possessed these materials at some point, the Court accepts the Affidavit of Nancy Yue as demonstrating that the City has produced everything responsive in its possession.

4

Mr. Julian has shown that the City very likely had the materials in its possession, and has made the uncontroversial showing that the City had a duty to preserve them. The City has not explained its failure to produce the materials, and instead suggests (stopping just short of asserting) that the materials do not exist, notwithstanding Mr. Freshour's testimony.

Nevertheless, there is no evidence that the failure to preserve and produce these materials prejudiced Mr. Julian's case. Mr. Julian was allowed to obtain deposition testimony from Mr. Freshour, whose team created the materials, and Mayor Annise Parker, who interviewed the two individuals ESCI recommended and made the ultimate hiring decision. Mr. Julian also had access to the overall scores, rankings, and names of each of the candidates ESCI evaluated. In light of the information Mr. Julian had access to, the Court is unconvinced that his inability to access internal ESCI documents constitutes prejudice. While these documents may have shed light on the mechanics of the hiring process, they would not have undercut the legitimate, non-discriminatory reason the City provided for its decision to select Mr. Garrison, namely that he was better qualified for the position than Mr. Julian.

Finally, Mr. Julian has not produced even a scintilla of evidence to show any willfulness or bad faith on the City's part. The City's lack of explanation for its failure to produce the ESCI materials is disappointing, but there is no evidence to suggest that the City volitionally withheld the materials. Instead, it appears that the City simply failed to appropriately preserve these documents. In light of the minimal prejudice to Mr. Julian, attorneys' fees would not be a just sanction for this oversight.

The City should not, however, misinterpret the Court's conclusion. On slightly different facts, sanctions would be appropriate. The City should use this case as an exemplar to inform all

responsible personnel of the legal requirements as to document retention. The Court takes these requirements seriously, and so must the City.

For these reasons, Mr. Julian's Second Motion for Sanctions is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 10th day of September, 2014.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE